Manufacturers Trust Company, as Trustee under Trust Agreement Dated April 4, 1919, Made by Herman Simon, Plaintiff, *v.* The Chase National Bank of the City of New York, as Executor, etc., and Another, Defendants.

Supreme Court, Special Term, New York County, May 11, 1939.

*Edward B. Schulkind,* for the plaintiff.

*Milbank, Tweed & Hope* [*Thomas A. Ryan* and *Edward D. Gasson* of counsel], for the defendant Malvin Lichter, as administrator, etc.

*William Roth* [*William Roth* and *George D. Zahm* of counsel], for the defendant Chase National Bank of New York.

Cotillo, J. The action is for the construction of a deed of trust, executed in 1919, by which certain securities were transferred to plaintiff to be held in trust for the purposes set forth in the deed. The income was to be paid to the sister of the settlor during her life and was so paid. She died in 1931. The deed further provided: " Upon the death of my sister, Florence Lichter, the said ' Trustee ' shall divide the trust fund into two (2) equal parts, and shall hold one of such equal parts in trust for the benefit of my niece, Constance Lichter and apply the income and profits therefrom to her use until she shall attain the age of twenty-five (25) years and in the event that she attains the

said age of twenty-five (25) years, she shall thereupon become entitled absolutely to the said equal part; the said ' Trustee ' shall hold the other of such equal parts in trust for the benefit of my nephew, Ronald Lichter and apply the income and profits therefrom to his use until he shall attain the age of twenty-five (25) years and in the event that he attains the said age of twenty-five (25) years, he shall thereupon become entitled absolutely to the said equal part."

Ronald Lichter attained the age of twenty-five years. He received his share of both principal and income. The settlor died in 1937 and Constance Lichter died in 1938 before attaining the age of twenty-five years. She received her share of the income up to the time of her death. The question now presented is whether the one-half share of the capital which would have gone to her if she had reached the age of twenty-five, shall go to her administrator or to the executor of the settlor.

If there were nothing more in the trust deed than the clause above quoted it would probably be necessary to hold that the acquisition by Constance Lichter of any right to receive her share of the capital of the trust was contingent upon her attaining the age of twenty-five years, and that in the event of her death before reaching that age the fund would revert to the settlor or his estate. But the clause quoted is immediately followed by another which reads: " In the event that either my said nephew or niece or both die before my sister, Florence Lichter, and my sister leave her issue surviving, I direct the said ' Trustee ' to give the part or parts of the trust fund intended to be held in trust for the nephew or niece who shall die before my sister, to such issue of my sister as she shall designate and appoint by her Last Will and Testament, as entitled to receive same, and I do hereby empower my said sister to make such appointment and designation; but if my sister fails to make such designation, the said part or parts of the trust fund intended to be held in trust for such deceased nephew or niece, if he or she had survived my sister, shall be paid over by my ' Trustee ' to the ' Federation for the Support of Jewish Philanthropic Societies of New York City.' "

It thus appears that the settlor had contemplated the possible death of both Ronald and Constance in the lifetime of his sister. In that event the share or shares of either or both so dying are to be paid over to such of the issue of the sister as she may designate, or, if no designation is made, to a specified charitable organization. The settlor thus divested himself of all interest in the fund.

Is it reasonable to suppose that the settlor had foreseen the possible death of his nephew and niece in the lifetime of his sister

but had overlooked the possibility that, surviving his sister, they might nevertheless die before attaining the age of twenty-five years? I think not. If he contemplated the latter possibility he must have intended that the share of his niece so dying should go either to her estate or to his own — for he made no disposition of it in favor of any one else. As between these alternatives I find it natural to conclude that he intended the personal representative of his niece to take rather than his own representative. He had provided that if she predeceased his sister, he was to be excluded from any interest in her share, even though it should thereby be vested, not in other relatives, but in a charitable organization. It cannot reasonably be supposed that he wished a totally different disposition, and one exclusively for the benefit of himself or his estate, if his niece should survive his sister but should die before reaching the age of twenty-five.

I conclude that the personal representative of Constance Lichter is entitled to the fund. This is the natural meaning of what the settlor has written, as I understand it. It is, therefore, unnecessary to invoke rules of construction to determine the legal effect of the instrument.

Costs will be awarded to all parties payable out of the fund.

Submit requests for findings within ten days.